UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHUN CHA CHI, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, a foreign corporation, and MAXCARE OF WASHINGTON, INC., a Washington corporation, <br><br> Defendants. | Case No. C08-855MJP <br><br> ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Allstate's motion for partial summary judgment. (Dkt. No. 46.) The Court has reviewed the motion, Plaintiff's response (Dkt. No. 50), Defendant's reply (Dkt. No. 54), the parties' supplemental briefs (Dkt. Nos. 58, 61) and all other pertinent documents in the record. For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion.

**Background**

This suit arose from Defendant's administration of Plaintiff's insurance claim for loss of personal property after she suffered a catastrophic house fire on May 30, 2005. (Dkt. No. 5 ¶ 10.) Plaintiff notified Defendant of her loss immediately after the fire, and the parties communicated regularly regarding Plaintiff's claim from the date of the fire until January 2006. (Dkt. No. 50 at 3-6.) After that, however, the parties communicated only sporadically and contentiously regarding the claim. (See Id. at 6-11.) Plaintiff alleges, and Defendant

presents no evidence to dispute, that Defendant's lack of communication constituted numerous violations of the Washington Administrative Code ("WAC"). (Id. at 13-15, 22.)

Plaintiff filed suit in this Court on May 30, 2008, exactly three years after the date of the fire. Plaintiff's insurance policy required her to file suit within one year of the inception of loss or damage. (Dkt. No. 46, Ex. A at 48 ¶ 12.) It also required her to fully comply with all policy terms, including cooperating with Defendant's reasonable investigation of any claim, as a condition precedent to filing suit. (Id.) Plaintiff alleges breach of contract, breach of the duty of good faith and fair dealing, negligence, and unfair and deceptive business practices under the Washington Consumer Protection Act ("CPA"). (Dkt. No. 5 ¶¶ 69-94.) Defendant filed this summary judgment motion on May 18, 2009, requesting dismissal of all claims against it.

**Discussion**

Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The opposing party must then "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(e)(2)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Defendant claims that it is entitled to summary judgment because (1) Plaintiff did not timely file suit, and (2) Plaintiff failed to cooperate with Defendant's investigation of the claim, thereby precluding suit under the terms of the policy. Defendant also asserts the defense of insufficient service of process, claiming that it was not served within the 120-day period prescribed by Fed. R. Civ. P. 4(m).

I.  Service of process

At this Court's request, the parties submitted supplemental briefs after oral argument regarding whether Plaintiff properly served the complaint on Defendant. Both parties' briefs focus on determining the effective date of service and whether Plaintiff followed proper procedures for serving Defendant. Neither party mentions the preliminary issue of when Defendant asserted the insufficient service defense. A defense for insufficient service of process must be asserted in or before the responsive pleading. Fed. R. Civ. P. 12(h)(1)(B)(ii). Defendant first raised the insufficient service defense in this motion, after it filed its answer. Defendant has waived this defense by failing to timely assert it.

II.  Timeliness of Plaintiff's claims

The parties agree that the policy's one-year contractual limitation provision is valid and enforceable. They do not, however, specifically address which claims it affects. The Court considers each in turn.

a.  Breach of contract

Plaintiff does not dispute that the limitation provision covers the breach of contract claim. Plaintiff instead contends that her claim is timely because it is subject to equitable tolling, equitable estoppel, waiver, and the discovery rule. Plaintiff has not established a genuine question of material fact as to the application of these defenses, and the Court holds that Defendant is entitled to summary judgment on the contract claim as a matter of law.

i.  Equitable tolling

Plaintiff claims that Defendant acted in bad faith by repeatedly delaying processing of her claim for long periods of time, and that the limitation period should be tolled accordingly. Equitable tolling is appropriate when (a) the defendant has exhibited bad faith, deception, or false assurances; (b) the plaintiff has acted diligently; and (c) justice so requires. Millay v. Cam, 135 Wn.2d 193, 206 (1998).

Plaintiff provides factual support for her claim of bad faith on Defendant's part, but fails to establish that she diligently asserted her legal rights. Plaintiff's brief cites eight specific examples of Defendant's alleged bad faith actions; of these, the first four occurred and were known to Plaintiff within the suit limitation period, providing her with grounds for a timely breach of contract claim. (Dkt. No. 50 at 20-21.) Yet Plaintiff did not investigate her legal rights or hire an attorney until February 2007, approximately eight months after the limitation period had expired. (Id., Ex. A at 2 ¶ 4 (initially misidentifying Plaintiff as "the Vargas'").) Because Plaintiff did not diligently investigate her legal rights within the one-year suit limitation period, she cannot establish a case for application of equitable tolling.

### ii. Equitable estoppel

Plaintiff also relies on allegations of bad faith to support her equitable estoppel argument. Equitable estoppel requires "(1) [a]n admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party from allowing the first party to contradict or repudiate such admission, statement, or act." Logan v. North-West Ins. Co., 45 Wn.App. 95, 100 (1986). Like equitable tolling, however, equitable estoppel additionally requires that the plaintiff acted diligently. Cent. Heat v. Daily Olympian, 74 Wn.2d 126, 135 (1968).

As with equitable tolling, Plaintiff's reliance on Defendant's alleged bad faith administration of her claim does not suffice to show diligence on her part. Plaintiff alleges that Defendant violated the WAC at least twelve times within one year of the fire, which should have alerted Plaintiff to the behavior she now claims gives rise to estoppel. (Dkt. No. 5 ¶¶ 20-39.) Plaintiff argues with some force that Defendant acted in bad faith, but that does not sustain her equitable estoppel argument in the face of her lack of diligence.

### iii. Waiver

Plaintiff further argues that Defendant's alleged bad faith actions reflect Defendant's intent to waive its timeliness defense. In order for Defendant to have waived its right to assert

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

the suit limitation defense, it must have intentionally and voluntarily relinquished the right, or acted in a way that warrants an inference of intent to waive that right. Saunders v. Lloyd's of London, 113 Wn.2d 330, 339-40 (1989). If intent to waive is inferred based on conduct, that conduct "cannot be consistent with any other interpretation than intent to waive." Id. at 340.

Plaintiff has presented no evidence that Defendant intentionally relinquished its right to enforce the contractual limitation provision. Neither can Defendant's conduct reasonably be interpreted as consistent only with an intent to waive the time limit defense, rather than simply to administer an ongoing claim. Even if Defendant acted in bad faith, that does not indicate any affirmative intent to waive its rights in a future lawsuit. Defendant therefore did not waive its right to assert the timeliness defense.

          iv.        Discovery rule

Plaintiff finally contends that the discovery rule applies to her claims. "Under the discovery rule, a cause of action does not accrue—and as a result the statute of limitations does not begin to run—until the plaintiff knows, or has reason to know, the factual basis for the cause of action." Bowles v. Wash. Dep't of Ret. Sys., 121 Wn.2d 52, 79-80 (1993). Plaintiff's argument in favor of applying the discovery rule fails for the same reason as her equitable tolling and estoppel arguments. Plaintiff was aware of information that would have established her claim for breach of contract before the time limit expired. Her failure to investigate her rights or bring suit once she had such information precludes application of the discovery rule.

      b.        Negligence

Plaintiff's claim for negligence sounds in tort, not in contract, and is therefore not subject to the policy's suit-limitation provision. In Washington State, simple torts such as negligence have a three-year statute of limitations. RCW 4.16.080. Plaintiff bases her negligence claim on events that happened no later than the date of the fire (Dkt. No. 5 ¶ 87), and she filed her lawsuit three years to the day after the occurrence of the fire. Therefore, her

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

negligence claim is timely only if the suit was commenced for purposes of the statute of limitations on the date of its filing with this Court.

A federal court sitting in diversity must apply state law to determine the date on which an action is deemed commenced for statutes of limitations purposes. Walker v. Armco Steel Corp., 446 U.S. 740, 749-51 (1980). Washington law specifies that an action will be deemed commenced as of the date of filing only if the defendant is served within 90 days thereafter. RCW 4.16.170; see also Wothers v. Farmers Ins. Co., 101 Wn.App. 75, 80 (2000) (holding RCW 4.16.170 applicable to contractual, as well as statutory, limitation periods). Plaintiff does not contend that service took place any earlier than September 26, 2008, which is 118 days from the date that she filed the lawsuit. (Dkt. No. 58 at 5.) The three-year statute of limitations therefore was not tolled from the date of filing under RCW 4.16.170, but ran until the day Defendant was served, no earlier than September 26, 2008. Because that is more than three years after the date of the fire, Plaintiff's negligence claim is untimely.

        c.      Bad faith

Washington courts have generally held that the duty of good faith and fair dealing does not arise solely out of the parties' contractual relationship, and is therefore not subject to contractual limitation periods. See, e.g. 1515-1519 Lakeview Blvd. Condominium Ass'n v. State Farm Fire and Cas. Co., 2001 WL 244383 at *4 (2001) ("the duty of good faith and fair dealing does not arise solely from a contractual relationship, but also from the law that independently requires a party to fulfill its contractual responsibilities") (citing Simms v. Allstate Ins. Co., 27 Wn.App. 872, 878 (1980)); but see Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 319 (9th Cir. 1969) (holding that where an act may support either a tort or contract action, a contractual limitation period may apply). In this case, however, the question is immaterial. If the claim for bad faith arose out of the insurance contract, it is subject to the one-year limitation period and is untimely for the same reasons as the breach of contract claim. If, on the other hand, the claim arose from an independent duty rather than a

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

strict contractual liability, then the claim is a simple tort, subject to the same statute of limitations as the claim for negligence and untimely for the same reason. In either case, Plaintiff's claim for bad faith is untimely.

        c.      Consumer Protection Act

Plaintiff finally alleges two violations of the Washington Consumer Protection Act. These claims are not subject to the policy's one-year suit limitation. McKee v. AT&T Corp., 164 Wn.2d 372, 399 (2008) (holding suit time limit provisions in consumer contracts of adhesion inapplicable to CPA claims as a matter of public policy). Rather, the claims fall under the CPA's four-year statute of limitations. RCW 19.86.120. Plaintiff unquestionably filed suit within four years of the date of the fire. (See Dkt. No. 23 (Defendant's answer filed December 8, 2008).) The CPA claims are therefore timely.

        III.     Plaintiff's cooperation with Defendant's investigation

Plaintiff's insurance policy required her to deliver any "accounting records, bills, invoices or other vouchers, or certified copies" that Defendant might reasonably request, and to submit to an examination under oath as often as it might reasonably request. Defendant alleges that Plaintiff refused to submit to an examination under oath and to produce documents upon its requests of July 7, 2007 and October 2, 2007. (Dkt. No. 54 at 2-5.) Defendant argues that because the policy requires full compliance with all policy terms as a precondition to suit, Plaintiff's alleged refusal to cooperate with Defendant's requests bars her suit.

As described above, the claims for breach of contract, negligence, and bad faith are untimely, and the CPA claims are not subject to the policy's suit limitation provisions because they are not made on the contract. Plaintiff's alleged noncooperation is therefore immaterial to the Court's decision, and the Court does not reach the issue.

**Conclusion**

Because Plaintiff filed suit outside the policy's one-year limitation period and she does not have a tenable argument for any equitable extension of that time period, her claim for breach of contract is untimely. Plaintiff's claims for negligence and bad faith are also untimely, because her failure to serve Defendant within 90 days of filing her complaint caused her lawsuit to be effectively commenced after the three-year statute of limitations for those claims had run. The Court therefore GRANTS Defendant's motion for summary judgment with respect to Count I for breach of the duty of good faith and fair dealing, Count II for breach of contract, and Count IV for negligence. Plaintiff did, however, file suit within the statute of limitations for her CPA claims, and those claims are not subject to the policy's time limit or cooperation provisions. The Court therefore DENIES Defendant's motion with respect to Count III for unfair business practices and Count V for deceptive business practices.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this _6th_ day of August, 2009.

Marsha J. Pechman
United States District Judge